```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,        )  CR-N-04-30046-MAP
                                 )
              Plaintiff,         )
                                 )
      vs.                        )
                                 )
ALBERT INNARELLI, et al.,        )
                                 )
              Defendants.        )
```

**GOVERNMENT'S RESPONSE TO
DEFENDANT INNARELLI AND ROMEO'S MOTIONS TO DISMISS**

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and William M. Welch II, Assistant United States Attorney, hereby files this response to defendants Innarelli and Romeo's Motions to Dismiss.

**I.  The Indictment Sufficiently Alleged Wire Fraud Because The Counts Tracked The Statutory Language And Alleged A Common Scheme To Defraud That Permit The Defendants To Allege Double Jeopardy.**

"Under the Federal Rules of Criminal Procedure, an indictment must provide `a plain, concise and definite written statement of the essential facts constituting the offense charged.'" United States v. Brown, 295 F.3d 152, 154 (1st Cir. 2002)(quoting Fed.R.Crim.P. 7(c)(1))). "The indictment should be specific enough to notify the defendant of the nature of the accusation against him and to apprise the court of the facts

1

alleged." Id. (citing Russell v. United States, 369 U.S. 749, 766-68 (1962)). "Though there is no prescribed formula, "'[i]t is generally sufficient that an indictment set forth the offense in the words of the statute itself,' as long as those words set forth all the elements of the offense without any uncertainty or ambiguity.'" Brown, 295 F.3d at 154 (quoting United States v. Serino, 835 F.2d 924, 929 (1st Cir. 1987)(quoting Hamling v. United States, 418 U.S. 87, 117 (1974)). See also United States v. Cianci, 378 F.3d 71, 81 (1st Cir. 2004)(stating that "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.").

The indictment in this case is more than sufficient. First, each count contains the statutory elements of the wire fraud statute. To prove wire fraud, the Government must show: (1) a scheme to defraud; (2) the defendant's knowing and willing participation in the scheme with intent to defraud; and (3) the use of a wire communication to further the scheme to defraud. United States v. Cheal, 389 F.3d 35, 41 (1st Cir. 2001); United States v. Martin, 228 F.3d 1, 15 (1st Cir. 2000).

The indictment alleged the following:

> defendants herein, having devised the above-
> described scheme and artifice to defraud and

2

> obtain money by means of false pretenses, representations, and promises, and material omissions, did cause the following lending institutions to transmit in interstate commerce by wire the following approximate amounts of loan proceeds for the purpose of executing, and attempting to execute, the said scheme and artifice to defraud.

See Superseding Indictment, pg. 8-9. Therefore, consistent with Rule 7(c) and the elements of the offense, the Superseding Indictment alleged a scheme to defraud, a wire transmission, and the defendant's participation in the scheme to defraud. In addition, as acknowledged by defendant Innarelli, the Superseding Indictment described in great detail how the scheme to defraud worked. See Superseding Indictment, pg. 6-8.

The problem with defendant Innarelli and defendant Romeo's argument is that there is no requirement that the indictment allege in each particular count the specific false representation or representations utilized to execute the scheme to defraud. The crime covered by the wire fraud statute is the scheme to defraud itself, not any individual false representation. See e.g. United States v. Belk, 435 F.3d 817, 819 (7th Cir. 2006)(stating that "[t]he crime covered by 1341 is the *scheme* to defraud, not (just) the mailings that occur in the course of the scheme.") (citations omitted). Instead, it is sufficient that the Government alleged a common scheme to defraud, that the defendants used that common scheme to defraud, and that a wire communication was sent in furtherance of that common scheme to

defraud in each count of the indictment. The Superseding Indictment does just that, and its charging language tracks the statutory language and enables the defendants to prepare a defense. See United States v. Creech, 408 F.3d 264, 269 (5th Cir. 2005)(holding that substantive mail fraud counts that incorporate by reference fraud allegations made in conspiracy count is sufficient). See also United States v. Smith, 230 F.3d 300, 305 (7th Cir. 2000)(holding that the indictment need not "allege in detail the factual proof that will be relied on to support the charges.").

Defendants Innarelli and Romeo claim that the Government's failure to allege a specific misrepresentation in each count of the indictment means that they cannot determine if the grand jury found probable cause to believe that the defendants committed the crime of wire fraud in each substantive count. Of course, this argument ignores the strong "presumption of regularity" that the courts afford the grand jury and both initial and superseding indictments. United States v. Flemmi, 245 F.3d 24, 28 (1st Cir. 2001). "A defendant faces a heavy burden to overcome that presumption when seeking dismissal of an indictment." United States v. Exson, 328 F.3d 456, 459 (8th Cir. 2003).

"An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for a trial of the charge

4

on the merits." Costello v. United States, 350 U.S. 359, 363 (1956). "A court should not inquire into the sufficiency of the evidence before the indicting grand jury, because the grand jury proceeding is merely a preliminary phase and all constitutional protections are afforded at trial." United States v. Reyes-Echevarria, 345 F.3d 1, 5 (1st Cir. 2003). "As we have explained before, leaving indictments open to evidentiary challenges `would [mean] that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury.'" Id. (quoting United States v. Maceo, 873 F.2d 1, 3 (1st Cir. 1989).

Where a defendant seeks the dismissal of an indictment prior to conviction based upon non-constitutional error before the grand jury, "dismissal of the indictment is appropriate only `if it is established that the violation substantially influenced the grand jury's decision to indict,' or if there is `grave doubt' that the decision to indict was free from the substantial influence of such violations.'" Bank of Nova Scotia v. United States, 487 U.S. 250, 256 (1988)(quoting United States v. Mechanik, 475 U.S. 66, 78 (1986)). Dismissal of an indictment for prosecutorial misconduct is an extraordinary remedy. United States v. Giorgi, 840 F.2d 1022, 1030 (1st Cir. 1988). 1997)(citing Zafiro v. United States, 506 U.S. 534, 540 (1993)).

Defendants Innarelli and Romeo have produced no evidence to

overcome the strong presumption of regularity.  Their attack upon the indictment is mere conjecture and suspicion, neither of which suffice to meet their burden over overcoming the strong presumption of regularity.  Accordingly, the defendants' motions to dismiss should be denied.

**II.  The Superseding Indictment Did Not Impermissably Amend Or Broaden Count 31 Of The Initial Indictment.**

"It is well settled that bringing an indictment tolls the statute of limitations on the charges set forth in that indictment." United States v. O'Bryant, 998 F.2d 21, 23-24 (1st Cir. 1993)(citations omitted).  "Although this court has not heretofore spoken directly to the subject, we hold today that a superseding indictment which supplants a timely-filed indictment, still pending, is itself to be regarded as timely vis-a-vis a given defendant so long as it neither materially broadens nor substantially amends the charges against the defendant." Id.

On September 2, 2004, the grand jury returned an indictment that charged Counts 30 and 31 as follows:

| 30 | 06/06/00 | BERGDOLL MATOS ROMEO INNARELLI | fraudulently caused Alliance Funding to wire approximately $66,750.00 into INNARELLI's IOLTA account for the sale of 32-34 Ozark Street, Springfield, MA |

6

| 31 | 06/12/00 | BERGDOLL MATOS ROMEO SULLIVAN INNARELLI | fraudulently caused Alliance Funding to wire approximately $53,550.00 into INNARELLI's IOLTA account for the sale of 32-34 Ozark Street, Springfield, MA |

Realizing that Count 31 contained an error in its description of the physical address to which the wire fraud pertained, the grand jury returned a Superseding Indictment that corrected Count 31 as follows:

| 31 | 06/12/00 | BERGDOLL MATOS ROMEO SULLIVAN INNARELLI | fraudulently caused Alliance Funding to wire approximately $53,550.00 into INNARELLI's IOLTA account for the sale of 51 Winthrop Street, Springfield, MA |

The Superseding Indictment correctly identified the address relating to the wire transfer of money.

   Therefore, under O'Bryant, the Superseding Indictment did not materially broaden or amend the originally charged Count 31. It merely corrected an inaccurate address. The essential elements of Count 31 -- the scheme itself, the participants, and the wire -- remained identical. The Superseding Indictment merely addressed an inaccuracy in the physical description of the piece of property involved in Count 31. Since the physical address of a piece of property is certainly not an essential element of the crime of wire fraud, the Superseding Indictment did nothing to broaden or amend the originally charged Count 31

7

in any material way. Accordingly, the defendants' Motions to Dismiss Count 31 should be denied.

### III. Conclusion

Based upon the foregoing, the Government respectfully requests that the court deny defendant Innarelli and defendant Romeo's Motions to Dismiss.

Filed this  24  th day of March, 2006.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney


                                       /s/ William M. Welch II
                                      WILLIAM M. WELCH II
                                      Assistant United States Attorney

CERTIFICATE OF SERVICE

Hampden, ss.                              Springfield, Massachusetts
                                          March 24, 2006


    I, William M. Welch, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by filing said motion and providing electronic notice to:

Moira L. Buckley, Esq.                    Steven W. Leary, Esq.
Shipman & Goodwin                         95 State Street
One Constitutional Plaza                  Springfield, MA  01103
Hartford, CT  06103-1919

Vincent A. Bongiorni, Esq.                Michael O. Jennings, Esq.
95 State Street                           73 Chestnut Street
Springfield, MA  01103                    Springfield, MA  01105

Maria Durant, Esq.                        Peter M. Murphy, Esq.
Dwyer & Collora                           101 State Street, Ste. 715
600 Atlantic Avenue                       Springfield, MA  01103
Boston, MA  02210

Robert Santaniello, Jr., Esq.             Jack St. Clair, Esq.
Santaniello & Santaniello                 73 Chestnut Street
83 State Street                           Springfield, MA  01103
Springfield, MA  01103

Mark J. Albano, Esq.                      Thomas A. Kokonowski, Esq.
Dalsey, Ferrara & Albano                  21 Stockbridge Street
73 State Street                           Springfield, MA  01103
Springfield, MA 01103

Kevin G. Murphy, Esq.                     Gary A. Ensor, Esq.
115 State Street                          34 Bridge Street
Springfield, MA  01103                    South Hadley, MA  01075


                                                /s/ William M. Welch II
                                          WILLIAM M. WELCH II
                                          Assistant United States Attorney