**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIM. NO. 04-30046-MAP |
| ) | |
| v. ) | |
| ) | |
| ALBERT INNARELLI, ET AL. ) | |
| Defendants. ) | AUGUST 18, 2006 |

## MOTION TO CONTINUE SENTENCING AND FOR ENLARGMENT OF TIME IN WHICH TO FILE OBJECTIONS TO THE PRESENTENCE REPORT

Pursuant to Fed.R.Crim.P. 32(b), the defendant, Albert Innarelli, respectfully request that the Court continue the sentencing in this case, presently scheduled for September 14, 2006, until a date after January 18, 2007. Alternatively, if the Court is not inclined to grant the defendant's request to continue his sentencing until after January 18, 2007, the defendant requests that the Court continue his sentencing for at least 90 days from today's date which represents the delay between the time at which the Government was required to disclose its statement of relevant facts to Probation and the defendant (May 1st), and the time at which the Government actually disclosed its statement of relevant facts (August 8th).

Additionally, the defendant requests that the Court enlarge the time in which the defendant must file his objections to the Presentence Report accordingly. The defendant received the Presentence Report on August 15, 2006, his objections are due on August 24, 2006.

In support of this Motion, the defendant respectfully submits the following factors which establish good cause:

1.     On April 24, 2006, the defendant entered guilty pleas pursuant to a superseding indictment charging him with 67 counts of wire fraud and one count of money laundering.

2.     Subsequent to the defendant's guilty plea, the Court set a scheduling order requiring that the government "[n]ot later than seven days after the plea… [or on 5/1/06], …shall provide the United States Probation Office a statement of relevant facts and any other documents pertinent under Federal Rules of Criminal Procedure 32(d) and shall simultaneously serve on counsel for the defendant a copy of everything provided to the Probation Office." See Exhibit A. The Government did not submit a statement of relevant facts on May 1st, but instead sent it to the defendant on August 7, 2006; it was received by the defendant on August 8th. Moreover, the Government did not copy the defendant on its entire submission sent to Probation; a 37 page attachment which apparently contains the Government's list of "all of the fraudulent loans processed through the office of Attorney Albert Innarelli" for a grand total of 292 loans, was missing from the defendant's copy of the Government's Statement of Facts to Probation. The defendant received the 37 page attachment when he received the Presentence Report from Probation on August 15, 2006.

3.     The defendant had no notice, prior to August 15, 2006, and prior to filing his July 28, 2006 memorandum regarding loss methodology, that the Government was asserting that 196 properties or loans, in addition to the 96 listed in the superseding indictment,

2

constituted relevant conduct for purposes of sentencing. Moreover, the Government never identified for the defendant the exact properties/loans that it intended to include as relevant conduct and the allegedly fraudulent conduct related to those loans.

4.    The Government has claimed, in its Statement of Facts to Probation, that the loss figure in this case which contemplates Mr. Innarelli's "relevant conduct", includes 292 loans effectuated from April 28, 1998 through May 2002, which the government alleges were fraudulent and for which the defendant should be held responsible. The total loss for which the Government claims the defendant should be held accountable totals just under $20,000,000. The Government arrived at this figure by adding the 292 loans together.

5.    If the Government had submitted its statement of relevant facts on May 1, 2006, including its articulation of ALL properties/loans that it intended to include in the loss calculation as relevant conduct, the defendant would have sought discovery related to those loans/properties and submitted such request pursuant to the Court's May 8, 2006 Order Re: Presentence Proceedings, which required the Government to make final disclosure of documents related to sentencing by May 19, 2006, and the defendant to file any additional discovery motions related to sentencing by June 9, 2006. See Exhibit B.

6.    In order to defend against the Government's broad and unsupported assertion that the defendant is responsible for the loss related to the 292 properties as relevant conduct, he must be allowed to conduct a factual review of all transactions related to these properties. Until now, the Government had not made the defendant aware of which properties, outside of those listed in the indictment, that it intended to include in the loss

3

calculation as relevant conduct. At the beginning of this prosecution, the defendant requested such documentation from the Government but never received it. Specifically, in November, 2004, the defendant requested: "Any and all documents in the government's possession that have been utilized by the government to support the allegation that the loss amount exceeds $7,000,000.00 as specified by the government in paragraph one of the Notice of Additional Factors [appended to the original indictment]." See Exhibit C, *Innarelli's November 4, 2004 Request for Discovery*; See Exhibit D, *Notice of Additional Factors attached to original Indictment*. The Government responded to defense counsel's request stating: "The documents pertaining to Counts One through Sixty-Three are in the possession of the Criminal Investigation Division, Internal Revenue Service... The documents consisted of materials seized pursuant to search warrant and obtained via grand jury subpoena..." See Exhibit E, *Government's November 18, 2004 Response to Discovery Request*. The Government's response implied that there was no documentation beyond that pertaining to the loans referenced in the indictment, that constituted relevant conduct for loss purposes. Only now, one month before sentencing, has the Government provided the defendant with a list of properties that it intends to include as relevant conduct for purposes of loss.

7.    The defendant asserts that the time requested to prepare a response to the Government's recently revealed position, and to prepare for an evidentiary hearing regarding all 292 properties, is reasonable and imperative to insure that his sentence is not unfairly impacted by the Government's 11th hour revelation.

4

8.    The defendant is aware that at least one other defendant, Pasquale Romeo, is seeking to continue his sentencing and the defendant submits that it would be most efficient for the Court to maintain its present sentencing order, with Mr. Innarelli as the first defendant to be sentenced.

**WHEREFORE**, the defendant requests that the Court grant the relief requested in this motion.

For defendant Albert Innarelli

Moira L. Buckley
James W. Bergenn
Shipman and Goodwin, LLP
One Constitution Plaza
Hartford, CT 06103
860-251-5836
Fax: 860-251-5219

## CERTIFICATION

I hereby certify that the foregoing motion was filed electronically on this 18th day of August, 2006, and was sent via regular mail on Monday, August 21, 2006 to the following parties:

Mark G. Mastroianni
Steven W. Leary, Esq.
95 State Street, Suite 309
Springfield, MA 01103
413-737-1489
Fax: 413-733-0238

Vincent A. Bongiorni, Esq.
95 State Street, Suite 309
Springfield, MA 01103
413-732-0222
Fax: 413-746-4970

Michael O. Jennings, Esq.
73 Chestnut Street
Springfield, MA 01103
413-737-7349
Fax: 413-731-1302

Terry S. Nagel, Esq.
95 State Street, Suite 918
Springfield, MA 01103
413-731-8811
Fax: 413-731-6641

William H. Kettlewell, Esq.
Maria Durant, Esq.
Dwyer & Collora, LLP
600 Atlantic Avenue
Boston, MA 02210
617-371-1005
Fax: 617-371-1037

Robert Santaniello, Jr., Esq.
Santaniello & Santaniello
83 State Street, 3rd Floor
Springfield, MA 01103
413-781-2132
Fax: 413-732-7515

Jack St. Clair, Esq.
73 Chestnut Street
Springfield, MA 01103
413-737-5000
Fax: 413-731-1302

Mark J. Albano, Esq.
Dalsey, Ferrara & Albano
73 State Street, Suite 101
Springfield, MA 01103
413-736-6971
Fax: 413-746-9224

Thomas A. Kokonowski, Esq.
Antonucci & Associates
Stockbridge Street
Springfield, MA 01103
413-737-9700
Fax: 413-732-3132

Kevin G. Murphy, Esq.
Pessolano, Dusel, Murphy & Casartello, PC
115 State Street, 5th Floor
Springfield, MA 01103
413-781-4700
Fax: 413-781-0471

Peter M. Murphy, Esq.
101 State Street, Suite 715
Springfield, MA 01103
413-733-1222
Fax: 413-733-1245

Gary A. Ensor, Esq.
34 Bridge Street
South Hadley, MA 01075
413-315-6152
Fax: 413-315-6153

William M. Welch, II
U.S. Attorney's Office
Suite 310
1550 Main Street
Springfield, MA 01103
413-785-0237
Fax: 413-785-0394

Richard Rinaldi
U.S. Probation Officer
Probation Department
1550 Main Street, Rm 212
Springfield, MA 01103
413-785-0250
Fax: 413-785-0257

Moira L. Buckley

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**UNITED STATES OF AMERICA,**

v.                                              **CRIMINAL NO.**  04-30046

ALBERT INNARELLI
**Defendant(s).**

### AMENDED PROCEDURAL ORDER
### RE:  SENTENCING HEARING (In the light of U.S. v.Booker.)

PONSOR, USDJ

A plea of guilty or nolo contendere, or a verdict of guilty, having been entered on
4/24/06                , under the Sentencing Reform Act of 1984, it is hereby **ORDERED**:

**Pre-sentence Investigation**

1.    a)    The United States Probation Office shall commence immediately the pre-sentence
investigation unless as provided in Fed. R. Crim. Pro. Rule 32(i), the court finds under Rule
32 (c) (1)(A) and (B) that the information in the record enables it to exercise its sentencing
authority meaningfully under 18 U.S.C. § 3553 and the court explains this finding on the
record.

b)    The Probation Office shall prepare pre-sentence investigation reports in the order in
which the requests from the court are received.

**Statement of Relevant Facts**

2.    Not later than seven days after the plea or verdict [or on  5/1/06                ], the
attorney for the government shall provide to the United States Probation Office a statement
of relevant facts and any other documents pertinent under Federal Rules of Criminal
Procedure 32 (d)  and shall simultaneously serve on counsel for the defendant a copy of
everything provided to the Probation Office.

**Submission of Information Regarding Identifiable Victims (if applicable)**

3.    Not later than seven days after the plea or verdict (or on  5/1/06                ), the attorney
for the government shall provide to the United States Probation Office a written statement
setting forth the names of the victims, their contact information/addresses, and the amount
of loss sustained by each victim/restitution owed to each victim pursuant to the Federal
Rules of Criminal Procedure, Rule 32(c)(1)(B).

**Interview of Defendant**

4.     The Probation Office shall provide a reasonable opportunity for defense counsel to attend any interview of the defendant conducted by a probation officer during the pre-sentence investigation.

a)     If the case is resolved by a plea, and the Probation Office has timely notification of the plea, it shall hold an interview with the defendant on the day of the plea. If an interview cannot be held on the day of the plea, the Probation Office shall schedule an interview to be held within seven days after the plea or within such additional time as the court may order.

b)     If the case is resolved by a verdict, the Probation Office shall schedule an interview with the defendant to be held within seven days after the verdict or within such additional period of time as the court may order.

c)     If the defendant is in custody, the United States Marshal shall, at the request of the Probation Office, bring the defendant to the courthouse for an interview at the earliest feasible time.

**Pretrial Services Responsibility**

5.     Pretrial Services shall provide to the Probation Office all documents in the possession of Pretrial Services that may be relevant to the pre-sentence investigation, including a copy of the Pretrial Report, the defendant's state, local, and national criminal record, police reports, copies of convictions, drug test results, reports of incidents, and other reports and supporting documents.

**Date of Sentencing**

6.     The sentencing hearing (and sentencing) is scheduled to occur at 2:00    P.M.    on September 14,  2006    , in courtroom  1    on the  5TH    floor. This date is to be not sooner than ten weeks after the date of the plea/verdict, in order to permit the following:

a)     Probation Office shall have **five weeks** after the date of plea/verdict for the preparation and disclosure of the initial report.

b)     Probation Office shall disclose the initial report to defense counsel and government counsel **no less than five weeks before the** sentencing hearing, unless the defendant expressly waives the minimum five week pre-sentencing notification period.

c)     The date when disclosure has been effected to each attorney is the date of the mailing of a copy to that attorney. An attorney may, in lieu of receiving disclosure by mail, make arrangements with the Probation Office to pick up the report no later than 3:00 p.m. on the date disclosure is due. It is the responsibility of the defense counsel to disclose the pre-sentence report to the defendant and to discuss it with and explain it to the defendant.

**Objections Procedure**

7.  **Within fourteen days after disclosure of the report**, attorneys for the government and the defendant shall advise the probation officer and each other in writing, of any objections they may have as to any material information, sentencing classifications, sentencing guideline ranges, or policy statements contained in or omitted from the report.

8.  The probation officer shall conduct any further investigation and make any revisions to the pre-sentence report that may be necessary. The probation officer may require counsel for both parties to confer with the probation officer to identify and attempt to resolve any factual or legal disputes which may require hearing by the court.

**Final Pre-sentence Report**

9.  **Not later than** _August 23, 2006_   **(which is a date not less than seven days before the sentencing hearing)**, the probation officer shall submit to the court and disclose to the attorneys the final pre-sentence report, including any addendum, setting forth the unresolved objections, the grounds for these objections and the probation officer's comments on the objections. The probation officer shall certify that the contents of the report, including any revisions, and the addendum have been disclosed to the defendant and to counsel for the defendant and the government, and that the addendum fairly states any remaining unresolved objections. Except with regard to any unresolved objections, the report of the pre-sentence investigation may be accepted by the court as accurate.  The court, however, for good cause shown, may allow a new objection to the pre-sentence report to be raised at any time before the imposition of sentence.

**Hearing and Counsel's obligations**

10. The Court is to hold a sentencing hearing to resolve any disputed issues.

   a)   Obligations of Counsel:      Not less than five days before the sentencing hearing [or such other time as set by the court]

      (1)   **Notice:**      Counsel are to advise the Court:

         (a)   whether either party will move for a departure from the applicable guideline range or will move for a non guideline sentence;

         (b)   whether apart from (a), there are legal questions not adequately addressed in the presentence report or not addressed at all;

         (c)   whether there are factual issues which the party contend require an evidentiary hearing.

      (2)   **Memorandum:**      Counsel submit a memorandum outlining the legal and factual issues implicated in (1) above.   Counsel are also urged to draft memoranda in the form of proposed findings of fact and conclusions of law relevant to the issues described above.

-3-

(3)     **Service on Probation:**     A copy of the memorandum and any submissions addressing sentencing issues submitted by counsel must also be provided to the probation officer five days in advance of the sentencing hearing.

11.     The schedule set forth in this Order may be modified by the Court for good cause shown.

12.     Disclosure of the pre-sentence report is made under the provisions of Rule 32, Fed. R. Crim. Pro., except that the Probation Office shall not disclose any recommendation it made to the court as to sentence. Any such recommendation made to the court by the Probation Office must not contain factual information not already disclosed to both counsel and to the defendant.

APRIL 27, 2006

**DATE**

/s/Michael A. Ponsor

Judge, U.S. District Court

cc:     Counsel
        Probation Office
        Pretrial Services

ProcOrderSentencingRev4-14-06forPDF.wpd

-4-

Case 3:04-cr-30046-MAP    Document 236    Filed 08/18/2006    Page 13 of 22
Exhibit B
Case 3:04-cr-30046-MAP    Document 197    Filed 05/08/2006    Page 1 of 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA          )
                                  )
                    v.            )   CR NO. 04-30046-MAP
                                  )
ALBERT INNARELLI, ET AL,          )
          Defendants              )


ORDER RE: PRESENTENCE PROCEEDINGS

May 8, 2006

PONSOR, D.J.

During the plea proceedings relating to co-defendants
Bergdoll, Matos, and Romeo, the court established a schedule
for completion of proceedings leading up to sentencings in
this case. All defendants whose sentencing dates permit it
may participate in the following schedule, either individually
or through joint submissions with other defendants.

Following discussions with counsel for co-defendants
Bergdoll, Matos and Romeo, and with counsel for the
government, the court orders as follows:

1. The government will make final disclosure of
documents related to sentencing by May 19, 2006.

2. Defense counsel who seek documents beyond those
voluntarily disclosed by the government may file
appropriate motions seeking additional documents, no

later than June 9, 2006.

3.    The government will file its response or opposition to Defendants' motions no later than June 23, 2006.    The court will thereafter rule on the motions, on the papers, or will set the matter for argument.

4.    Defendants' individual or joint motions regarding sentencing generally, and particularly the issue of the appropriate method for calculating loss, will be filed by June 2, 2006.

5.    The government will respond to or oppose the motions regarding sentencing, and particularly the loss calculation, no later than June 23, 2006.

6.    All interested counsel will appear for argument on motions regarding sentencing on July 7, 2006 at 2:00 p.m.    Appearance at this hearing is not obligatory but all defense counsel are invited to attend.

It is So Ordered.

**MICHAEL A. PONSOR**
**United States District Judge**

2



**Shipman &
Goodwin** LLP®
COUNSELORS AT LAW

One Constitution Plaza
Hartford, Connecticut 06103-1919
Phone: (860) 251-5000

2006 NOV -4  P 4: 27

U.S. DISTRICT COURT
DISTRICT OF MASS.

Moira L. Buckley, Esq.
Phone: (860) 251-5836
Fax: (860) 251-5219
mbuckley@goodwin.com

November 4, 2004

William M. Welch, III
Assistant United States Attorney
United States Attorney
District of Massachusetts
Federal Building & Courthouse
1550 Main Street
Springfield, Massachusetts 01103

Re:    United States v. Albert Innarelli, et al.
       Crim. No. 04-30046-MAP

Dear Attorney Welch:

Pursuant to Magistrate's Neiman's September 24, 2004 Scheduling Order, this letter constitutes a discovery request pursuant to LR 116.3(A) and (H).

Specifically, the defendant requests the following:

1.    Any and all documents in the government's possession that relate to each and every property listed in Counts One through Sixty-Four of the indictment in the above-referenced case;

2.    Any and all documents in the government's possession that have been utilized by the government to support the allegation that the loss amount exceeds $7,000,000.00 as specified by the government in paragraph one of the Notice of Additional Factors;

3.    Any and all documents in the government's possession that have been utilized by the government to support the allegation that the

1

number of victims exceeds fifty as specified by the government in paragraph two of the Notice of Additional Factors; and

4.       Any and all documents in the government's possession that have been utilized by the government to support the allegation that the defendants derived more than $1,000,000.00 in gross receipts as specified by the government in paragraph three of the Notice of Additional Factors

Please contact me if you have any questions regarding this request.  Thank you.

Very truly yours,

Moira L. Buckley

Cc:     Hon. Michael A. Ponsor
        United States District Court Judge
        Hon. Kenneth P. Neiman
        United States Magistrate Judge
        William Welch
        Assistant United States Attorney
        Mark J. Albano, Esq.
        Vincent Bongiorni, Esq.
        Maria R. Durant, Esq.
        Michael O. Jennings, Esq.
        Daniel D. Kelly, Esq.
        Steven W. Leary, Esq.
        Mark Mastroianni, Esq.
        Robert T. Santaniello, Esq.
        Jack F. St. Clair, Esq.
        Mark D. Sullivan, Esq.

### Notice of Additional Factors

1.    The Grand Jury further charges that Counts One through Sixty-Three involved a loss greater than $7,000,000.00, but less than $20,000,000.00 under §2B1.1 and §1B1.3 (Relevant Conduct). Therefore, U.S.S.G. Sections 2B1.1(a) and (b) and 1B1.3 apply to Counts One through Sixty-Three.

2.    The Grand Jury further charges that Counts One through Sixty-Three involved more than 50 victims.  Therefore, U.S.S.G. Sections 2B1.1(b)(2) and 1B1.3 apply to Counts One through Sixty-Three.

3.    The Grand Jury further charges that the defendants derived more than $1,000,000.00 in gross receipts from a financial institution.  Therefore, U.S.S.G. Sections 2B1.1(b)(12) and 1B1.3 apply to Counts One through Sixty-Three.

4.    The Grand Jury further charges that defendants ALBERT INNARELLI, THEODORE JARRETT, MARK MCCARTHY, JAMES SMITH, JONATHAN FREDERICK, and JOSEPH SULLIVAN abused a position of trust in a manner that significantly facilitated the commission or concealment of the offenses charged in Counts One through Sixty-Three.  Accordingly, U.S.S.G. Section 3B1.3 applies to Counts One through Sixty-Three.

5.    The Grand Jury further charges that defendants MICHAEL BERGDOLL, ANTHONY MATOS, PASQUALE ROMEO, WILFRED CHANGASIE, and MARK MCCARTHY had an aggravating role in Counts One through

28

Sixty-Three.   Therefore, U.S.S.G. Section 3B1.1 applies to Counts
One through Sixty-Three.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY


_____
Assistant United States Attorney


DISTRICT OF MASSACHUSETTS: _____, 2004

Returned into the District Court by the Grand Jurors and filed.


_____
DEPUTY CLERK OF THE COURT

1:05 Pm


30



**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

*Main Reception: (413) 785-0235*          *Federal Building and Courthouse*
*Fax (413) 785-0394*                                    *1550 Main Street, Room 310*
                                                                        *Springfield, Massachusetts 01103*

November 18, 2004

Moira L. Buckley, Esq.
Shipman & Goodwin
One Constitutional Plaza
Hartford, MA  06103-1919

         **Re:  United States v. Albert Innarelli, et al.**
                 **CR-N-04-30046-MAP**

Dear Ms. Buckley:

        This letter shall respond to your discovery letter, which
this office received on November 4, 2004.  This office responds
as follows:

        1.    The documents pertaining to Counts One through Sixty-
              Three are in the possession of the Criminal
              Investigation Division, Internal Revenue Service,
              located on the 2nd floor of the federal building.  The
              documents consisted of materials seized pursuant to
              search warrant and obtained via grand jury subpoena.
              You may schedule an appointment through this office to
              view and designate materials for copying.

        2.    See the afore-mentioned response to Request No. 1.

        3.    See the afore-mentioned response to Request No. 1.

        4.    See the afore-mentioned response to Request No. 1.

SHIPMAN & GOODWIN
RECEIVED

NOV 19 2004

CLIENT    SUB FILE
A    Z

1

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By:

WILLIAM M. WELCH II
Assistant United States Attorney

cc:  Steven W. Leary, Esq.
     95 State Street
     Springfield, MA  01103

     Vincent A. Bongiorni, Esq.
     95 State Street
     Springfield, MA  01103

     Michael O. Jennings, Esq.
     73 Chestnut Street
     Springfield, MA  01105

     Terry S. Nagel, Esq.
     95 State Street
     Springfield, MA  01103

     Maria Durant, Esq.
     Dwyer & Collora
     600 Atlantic Avenue
     Boston, MA  02210

     Robert Santaniello, Jr., Esq.
     Santaniello, Posnik & Basile
     83 State Street
     Springfield, MA  01103

     Jack St. Clair, Esq.
     73 Chestnut Street
     Springfield, MA  01103

     Mark J. Albano, Esq.
     Dalsey, Ferrara & Albano
     73 State Street
     Springfield, MA  01103

2

Daniel D. Kelly, Esq.
Robinson, Donovan, Madden & Barry
1500 Main Street
P.O. Box 15609
Springfield, MA   01103