UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO: 04-30046-MAP |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALBERT INNARELLI, ET AL. | : | SEPTEMBER 19, 2006 |

### DEFENDANT'S NOTICE OF INTENT TO REQUEST A SELF-SURRENDER DATE

The Defendant, Albert Innarelli ("Mr. Innarelli" or "Defendant") respectfully requests that, in the event the Court imposes a sentence of incarceration, the Court allow him to self-surrender to a facility designated by the Bureau of Prisons, 60 days from the date of his sentencing. The Defendant submits that the following factors support this request:

1. The Defendant is not a flight risk. As demonstrated by his behavior since his state sentencing in January, 2004, he is fully able to comply with all restrictions placed on his liberty. Moreover, as a condition of his probation in the prior case, Mr. Innarelli is required to wear an electronic monitoring bracelet and abide by a curfew. These conditions of probation will be in effect during the period of time requested for self-surrender. Moreover, Mr. Innarelli has neither the funds nor the incentive to flee. His family resides in Massachusetts and Connecticut. Most notably, his two minor children reside in Connecticut, and Mr. Innarelli has no intention of jeopardizing what little time he may have with them prior to a term of incarceration by fleeing.

Mr. Innarelli has also abided by the conditions of his pre-trial/sentence release without fail. Additionally, Mr. Innarelli has known since his arrest in this case, as well as since his decision to plead guilty to 68 counts of the superseding indictment, that he was exposed to a significant period of incarceration. Despite this knowledge, Mr. Innarelli has not presented a flight risk and will not suddenly become one upon imposition of a sentence of incarceration.

2. The Defendant is not a danger to the community and unlikely to re-offend during the requested self-surrender period. As demonstrated by his behavior during nearly three years on probation, Mr. Innarelli has complied with all rehabilitative requirements of his probation and maintained a clear record but for the state offense and the instant offense.

3. As demonstrated by other cases that have come before this Court and by common knowledge, there are extensive delays in the Bureau of Prisons' designation process (i.e., in the case of Paul Starnes, it appears that his designation was not effectuated on July 24, 2006, nearly one month after his June 30th sentencing, at which point Mr. Starnes requested an additional 30 days for self-surrender which was granted by this Court).

WHEREFORE, based on the foregoing factors, the Defendant requests that the Court allow him 60 days from the date of sentencing to self-surrender to a facility designated by the Bureau of Prisons.

                        THE DEFENDANT,
                        ALBERT INNARELLI

By: _____
     James W. Bergenn
     Moira L. Buckley
     Shipman & Goodwin LLP
     One Constitution Plaza
     Hartford, CT 06103-2819
     (860) 251-5000
     (860) 251-5219 (fax)
     jbergenn@goodwin.com
     mbuckley@goodwin.com
     His Attorneys

## CERTIFICATION OF SERVICE

I hereby certify that the foregoing Notice of Intent to Request a Self-Surrender Date was filed electronically on this 19th day of September, 2006.

_____
Moira L. Buckley