UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 04-30046-MAP |
|  | ) |  |
| V. | ) |  |
|  | ) |  |
| ALBERT INNARELLI, ET AL. | ) |  |

**MEMORANDUM OF LAW ON RECALCULATION OF RESTITUTION FOLLOWING REMAND FROM THE FIRST CIRCUIT COURT OF APPEALS**

The defendant, Albert Innarelli, respectfully submits this memorandum of law regarding the recalculation of restitution following remand from the First Circuit Court of Appeals.

***Evidence at the Restitution Hearing.*** A Certified Public Accountant, with extensive background in real estate loan accounting and lending, including loans to low income borrowers, had previously submitted an affidavit of her calculation of loss. (CPA Affidavit, filing #247 at 1-2). The accountant followed the history of each wire transfer loan for each lending institution. She determined that four lending institutions and HUD experienced losses (totaling $277,579.00) and that the majority of the lending institutions experienced gains. (CPA Affidavit at 1-10) Specifically, HUD lost $204,840.00, ARM lost $25,029.00,

Accubank lost $25,255.00, Merit $5,068, and Ames lost $17,387.00. National City Mortgage earned $47,551.00 and Equicredit/Bank of America earned $755,962.00. (CPA Affidavit at 10)

The court ordered restitution to Equicredit/Bank of America in the amount of $1,206,858, and to National City Mortgage in the amount of $17,000. (Sent/84) For seven individual buyers who submitted victim impact statements, the court ordered restitution of $10,000 each. The approximation was an effort to quantify both the financial and emotional impact that the conspiracy had upon them. (Sent/85)

A special assessment of $100 per count ($6800 total) was imposed. A fine was waived due to the difficulty Mr. Innarelli will face paying the special assessment and restitution. (Sent/88)

***Restitution Law:*** The Mandatory Victims Restitution Act (MVRA) provides that restitution is mandatory where the defendant is convicted of any offense against property including any offense committed by fraud or deceit in which an identifiable victim or victims has suffered a pecuniary loss.  18 U.S.C. § 3663A(c)(1); *United States v. Randle*, 324 F.3d 550, 555 (7th Cir. 2003). A victim is any person directly harmed by the defendant's criminal conduct in the

course of the scheme, conspiracy, or pattern. 18 U.S.C. §3663A(a)(2) and 3663(a)(2).

The restitution amount must be obtained by accurate computation, and it cannot exceed the amount of loss actually caused by the defendant. *United States v. Liss*, 265 F.3d 1220, 1231 (11th Cir. 2001) (restitution must be based on amount of actual loss). Restitution is not generally appropriate when it would represent double recovery by the victim. *United States v. Parsons*, 141 F.3d 386, 393 (1st Cir. 1998). Pecuniary harm does not include emotional distress. U.S.S.G. § 2B1.1, Commentary, Note 3; *United States v. McBride*, 362 F.3d 360 (6th Cir. 2004).

According to statute, a presentence report or a separate report must account for (in this case) the buyers' losses.

> For orders of restitution under this title, the court shall order the probation officer to obtain and include in its presentence report, or in a separate report, as the court may direct, information sufficient for the court to exercise its discretion in fashioning a restitution order. The report shall include, to the extent practicable, a complete accounting of the losses to each victim, any restitution owed pursuant to a plea agreement, and information relating to the economic circumstances of each defendant . . .

18 U.S.C., § 3664(a), Procedure for Issuance and Enforcement of Order of Restitution.

No actual loss for any buyer has been presented. Although seven buyers submitted victim impact statements, two buyers submitted no loss amount, one mentioned only a

$950.00 gas bill, one submitted a listing of all his debts he sought to discharge in bankruptcy, with no evidence to show what was caused by the acts of the defendant(s), and the remaining three simply stated what they thought they should get, without any basis or proof. (Presentence Report)

***Court of Appeals Opinion That Remanded Case.*** The Court of Appeals addressed what it considered the reasons for the remand and the proper procedure on remand:

> We deal first with the restitution awards to Equicredit and National City. As the parties suggest, the appropriate loss amount for purposes of restitution may well be lower than the loss amount for purposes of sentencing. Unlike the calculation of loss amount in sentencing, the purpose of restitution is not to punish the defendant, but to make the victim whole again by restoring to it the value of the losses it suffered as a result of the defendant's crime. See United States v. Cornier-Ortiz, 361 F.3d 29, 42 (1st Cir. 2004);7 accord United States v. Swanson, 394 F.3d 520, 527 (7th Cir. 2005). This is necessarily a backward-looking inquiry that takes into account what actually happened, including whether the victim managed to recover some or all of the value it originally lost. See 18 U.S.C. § 3663A(b)(1)(B); Cornier-Ortiz, 361 F.3d at 42 (victim cannot receive windfall from restitution award); cf. United States v. Oladimeji, 463 F.3d 152, 160 (2d Cir. 2006) (noting that, had lender that was induced into making home-equity loan by defendant's fraudulent documentation recouped money from resale of home after foreclosure, defendant would have been entitled to an offset in that amount under 18 U.S.C. § 3663A(b) (1)(B)).
>
> The material available to us in the record is insufficiently detailed to allow us to determine whether the amounts awarded to Equicredit and National City were calculated correctly. Equicredit claimed $1,206,858, and the district court stated that it had "just given Equicredit the gross amount of the loss as they calculated." The court did not

explain how it arrived at the $17,000 figure for National City. In response to Innarelli's argument at sentencing that these lenders had actually recouped the money they lost, the court stated: "I don't buy the argument that you can look down the road and say that they made money off this. They could have made a great deal more money. . . . [I]nstead of making a million, . . . they could have made 2.2 million. They lost this money. I'm comfortable with the restitution order." This passage suggests that the district court may have impermissibly taken into account intended loss in calculating the awards for Equicredit and National City, and that it did not offset the amount recovered through the resale of the properties after foreclosure, as required by statute. To the extent this is true, the court erred.

We now turn to the parties' assertion that the district court also erred in the restitution awards of $10,000 to each of the seven victim-buyers. The district court stated: "The $10,000 is a rough approximation in an effort to quantify both the financial and the emotional impact that the conspiracy had upon them." This statement reveals two possible errors. First, while "absolute precision" in calculating a restitution award is not required, United States v. Burdi, 414 F.3d 216, 221 (1st Cir. 2005), and the court may resolve uncertainties "with a view towards achieving fairness to the victim," it must still make a "reasonable determination of appropriate restitution," United States v. Vaknin, 112 F.3d 579, 587 (1st Cir. 1997) (quoting S. Rep. No. 532, at 31-32 (1982), reprinted in 1982 U.S.C.C.A.N. 2515, 2536-37) (internal quotation marks omitted). We are concerned that the district court's "rough approximation" here may not have been sufficiently reflective of the losses the buyers actually incurred. See id. ("[A]n award cannot be woven solely from the gossamer strands of speculation and surmise.").

Second, the parties are correct in pointing out that the district court may not take into account the emotional impact of the conspiracy on the victim-buyers in calculating an MVRA restitution award. It bears repeating that restitution under the MVRA is intended to compensate the victim for losses

      actually suffered as a result of the defendant's crime. Cornier-Ortiz, 361 F.3d at 42; accord United States v. Estate of Parsons, 367 F.3d 409, 442 (5th Cir. 2004) (en banc) (Dennis, J., concurring in part) ("[T]he court cannot order restitution for compensatory damages related to pain, suffering, mental or emotional distress or for punitive damages."). Even in cases where the victim suffers bodily injury, an MVRA restitution award may only include expenses relating to certain items specifically listed in the statute, such as medical expenses, lost income, and funeral expenses. See 18 U.S.C. § 3663A(b). For these reasons, to the extent the district court based a portion of each victim-buyer's restitution award on the emotional impact of the crime perpetrated against him or her, it erred.

      The errors or possible errors in the restitution calculus require us to remand this case to the district court to perform a recalculation in light of the following three directives: (1) the amount of restitution ordered must be based on actual loss, not intended or expected loss; (2) the amount lost as a result of Innarelli's crimes must be offset by any amount recouped by the victim in question, including through resale of the property; and (3) no part of the order may be based on the emotional impact of the crime on the victim. The district court should clearly set forth its reasoning and the calculations leading to the amounts ordered, if any.

*United States v. Innarelli*, 524 F.3d 286 (1st Cir. 2008).

    ***Restitution Recommendation.*** There was no competent evidence that National City Mortgage or Equicredit/Bank of America lost any money, and therefore no restitution should be ordered for them. No other lending institutions submitted information for the purpose of the restitution hearing. If this Court would still consider restitution to the institutions that did not submit information for the restitution hearing, then defendant requests the following

restitution order based on competent evidence: HUD: $204,840.00, ARM: $25,029.00, Accubank: $25,255.00, Merit: $5,068, and Ames: $17,387.00, for a total of $277,579.00.

As there was no competent evidence of actual losses by the buyers, no restitution for the buyers should be ordered.

In addition to the restitution of $277,579.00, there are special assessments totaling $6,800.00. The defendant will be paying such a large amount of money in restitution and special assessments, that the reasoning the Court used for not imposing a fine at the initial sentencing hearing-that defendant will have difficulty enough paying the restitution and special assessments—is still applicable on resentencing. Therefore, no fines should be assessed.

## CONCLUSION

Wherefore, the defendant respectfully requests that the Court order restitution as determined by the only competent evidence of loss submitted in this case.

s/Elizabeth Caddick
_____
Elizabeth Caddick
BBO# 642016
25 Crafts St., Suite 500
P.O. Box 470783
Newton, MA 02447-0783
(617) 566-1060
elizcaddick@mac.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CRIMINAL NO. 04-30046-MAP** |
| | ) | |
| V. | ) | |
| | ) | |
| **ALBERT INNARELLI, ET AL.** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that this document was served on the Assistant United States Attorney, Paul Smyth, on August 8, 2008, but filing via email to paul.smyth@usdoj.gov and by mailing via the United States Post Office, first class postage paid, to:

Paul Smyth
U.S. Attorney's Office
1550 Main St.
Springfield, MA 01103

s/Elizabeth Caddick
_____
Elizabeth Caddick
BBO# 642016
25 Crafts St., Suite 500
P.O. Box 470783
Newton, MA 02447-0783
(617) 566-1060
elizcaddick@mac.com